HUMBERTO GUIZAR SBN: 125769
LAW OFFICES OF HUMBERTO GUIZAR
3500 West Beverly Blvd.
Montebello, California 90640
Telephone: (323) 725-1151
Facsimile : (323) 725-0350
e-mail: herito@aol.com

Attorney for Plaintiff
IAN SAUNDERS

FILED
11 APR -7 PM 2:38
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CV11 02944 SVW (JEMx)

| | |
|---|---|
| IAN SAUNDERS,<br>Plaintiff,<br>vs.<br>COUNTY OF LOS ANGELES, DOES 1 THROUGH 10, INCLUSIVE,<br>Defendants. | **CASE NO:**<br>**COMPLAINT FOR DAMAGES:**<br>**CIVIL RIGHTS VIOLATIONS**<br>1. Excessive Force and Denial of Medical Care (42 U.S.C. § 1983)<br>2. Failure to Intervene (42 U.S.C. § 1983)<br>3. Municipal Liability (42 U.S.C. § 1983)<br>4. Battery<br>5. Negligence<br>6. Intentional Infliction of Emotional Distress<br>7. Violation of Bane Act (Cal. Civil Code § 51.7 |

**COMPLAINT**

COMES NOW PLAINTIFF IAN SAUNDERS and alleges as follows:

**I.**

**VENUE AND JURISDICTION**

1. This action is brought pursuant 42 U.S.C.§§1983, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on

29 U.S.C. §§1331 and 1343(1), (2), (3) and (4), and the aforementioned statutory and Constitutional provisions.

2. Venue is proper in the Central District of California. The injury occurred in the City of Los Angeles, within the County of Los Angeles, California. Plaintiff filed a timely claim against the Defendants for the State Causes of action, which was rejected by the Defendants.

## II.

## PARTIES

3. At all times relevant hereto, Plaintiff, IAN SAUNDERS is and was a resident of the County of Los Angeles, California.

4. At all times mentioned herein, defendants COUNTY OF LOS ANGELES, (hereinafter referred to as "COLA") was a public entity duly organized and existing under and by virtue of the laws of the state of California.

5. At all times relevant herein, defendants Does 1 through 20, were residents of the County of Los Angeles, and were Deputy Sheriffs, sergeants, captains, Lieutenants, commanders and/or civilian employees, agents and representatives of the COLA Sheriffs Department and employees, agents and representatives of COLA. At all times relevant hereto, said defendants were acting within the course and scope of their employment as deputies, sergeants, captains, and/or civilian employees of the COLA Sheriffs Department, a department and subdivision of defendant COLA. Each said defendant is sued in his or her official capacity and in his or her personal capacity.

6. Plaintiff, IAN SAUNDERS, (also "Plaintiff") is ignorant of the true names and capacities of defendants sued herein as Does 1 through 20 inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named

defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff 's injuries as herein alleged were proximately caused by the acts and/or omissions of said fictitiously named defendants.

7. At all times relevant herein, defendants, Does 1 through 20, inclusive, and each of them, were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, practices and usages of defendant COLA, its Sheriffs Department, and the State of California.

8. At all times relevant herein, defendants DOES 11 through 20, inclusive, were supervisors and policy makers for the COLA Sheriffs Department.

## III.

## FACTS COMMON TO ALL ACTIONS

9. On or about June 28, 2010, Plaintiff IAN SAUNDERS was housed as an inmate in the Los Angeles County Jail, located at 444 North Bauchett Street, Los Angeles, California. On said date Plaintiff was in line in the 9th floor, 9200 of the medical section, waiting to receive certain medication when he was attacked by three Los Angeles County Sheriff deputies. Specifically, Plaintiff's body was violently thrown or trusted into a hard cement wall with his head striking the wall. The deputies then tackled Plaintiff and violently threw him on the ground where they proceeded to punch, kick, and stomp on him. This was done all over his body. The deputies then grabbed Plaintiff and dragged his body from the ground to a module. At no time after this brutal attack did any of the deputies offer Plaintiff any form of medical care even though plaintiff informed them that he was injured. To the present time Plaintiff suffers daily with pain to the areas of his body that were injured during this brutal beating.

10. At the time Plaintiff was subjected to the aforementioned beating, as described above, he was not doing anything criminal or otherwise wrong, that would justify this unlawful use of force.

## IV.

## FIRST COUNT/CAUSE OF ACTION

## VIOLATION OF CONSTITUTIONAL RIGHT TO BE FREE FROM UNREASONABLE AND EXCESSIVE FORCE AND DENIAL OF MEDICAL CARE

## [AS TO DEFENDANTS, DEPUTIES DOES 1 THROUGH 3]

11. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 10 as though fully set forth herein.

12. This cause of action is brought pursuant to 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments of the United States Constitution.

13. On and before June 28, 2010, Plaintiff possessed the rights, guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution, to be free from unreasonable seizures in the form of excessive force by Deputy Sheriffs acting under the color of law.

14. Defendants Does 1 through 3, without just and legal cause physically assaulted Plaintiff, and thereby caused Plaintiff the injuries and damages alleged herein.

15. Plaintiff had not assaulted said defendants or any other person, was unarmed, compliant and helpless, therefore, the use of force on Plaintiff was unjustified and unreasonable under the circumstances and constituted an excessive use of force. Said use of excessive force violated Plaintiff's rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendment of the United States Constitution.

16. The unjustified use of force on Plaintiff by Defendant Does 1-3, including but not limited to, slamming Plaintiff into a wall, punching, kicking, stomping on him, and then dragging him, deprived Plaintiff of his right to be

secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

17. Said defendants subjected Plaintiff to the aforementioned deprivations by either actual malice, deliberate indifference or a reckless disregard of his rights under the U.S. Constitution.

18. As a result of the conduct of Does 1-3, they are liable for Plaintiff's injuries, either because they were an integral participants in the wrongful use of force, or because they failed to intervene to prevent these violations.

19. As a direct and proximate result of the aforementioned acts of Deputies Does 1 through 3 Plaintiff suffered serious physical injuries, which caused him serious and permanent injuries, and have physically, psychologically, and emotionally impaired him permanently.

20. The aforementioned acts of Deputies Does 1 through 3, were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to defendant Deputies Does 1 through 3.

## V.

## SECOND COUNT/CAUSE OF ACTION

## FAILURE TO INTERVENE TO PREVENT CIVIL RIGHTS VIOLATIONS

**[AS TO DEFENDANTS DEPUTIES DOES 1 THROUGH 3, AND DOES 4 THROUGH 20 INCLUSIVE, INDIVIDUALLY AND AS SHERIFF DEPUTIES OF THE COUNTY OF LOS ANGELES]**

20. Plaintiff repeats and realleges each and every allegation of the foregoing paragraphs 1 through 19 as though fully set forth herein.

21. This action is brought pursuant to 42 U.S.C. §1983, and the Fourteenth Amendment of the United States Constitution, for violation of Plaintiff's

procedural and substantive due process rights.

22. On June 28, 2010, at the time and place alleged herein, defendants Deputies Does 4 through 20, inclusive, were in the position and authority to lawfully intervene in and prevent: 1) the unjustified and unwarranted assault and attack by Defendant, Deputies Does 1 through 3.

23. At said date and location, said defendants had ample and reasonably sufficient time and opportunity to so intervene and prevent the events described above, and were compelled to do so as peace officers under the laws of the State of California and under the Constitution of the United States of America.

24. Furthermore, at said date and location, in deliberate indifference to Plaintiff's life, health and Constitutional rights, said defendants intentionally and with deliberate indifference to the civil rights of Plaintiff, refrained from intervening to protect Plaintiff from being subjected to physical and emotional abuse. As a result thereof, Plaintiff was attacked by defendant Deputies Does 1 through 3 in violation of his rights under the Fourth and 14th Amendments of the Constitution of the United States of America.

25. As a direct and proximate result of the aforementioned acts of defendants Does 4 through 20, Plaintiff suffered serious physical injuries, which caused him serious and permanent injuries, and have physically, psychologically, and emotionally impaired him permanently.

26. The aforementioned acts of defendants Does 4 through 20, was willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to each of these individual defendants.

///

///

///

///

VI.

**THIRD COUNT/CAUSE OF ACTION**

**MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM OR POLICY, 42 U.S.C. § 1983**

**[AGAINST DEFENDANTS COUNTY AND DOES 4-20]**

27. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 26 of this Complaint with the same force and effect as if fully set forth herein.

28. On and for some time prior to June 28, 2010, (and continuing to the present date) Defendants COLA and DOE SUPERVISORS, Does 4 Through 20 deprived Plaintiff of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, of Plaintiff, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized COLA custom, policy, and practice of:

(a) Employing and retaining as Deputy Sheriff's and other personnel, including Defendants Deputies Does 1 through 3, who Defendants COLA and Does 4 Through 20 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written COLA policies;

(b) Of inadequately supervising, training, controlling, assigning, and disciplining COLA Deputy Sheriff's, and other COLA personnel, including Defendants Deputies Does 1 through 3, who Defendants COLA and Does 4 through 20 each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(c) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants Deputies Does 1 through 3 who are COLA Police Officers;

(d) By having and maintaining an unconstitutional custom and practice of using excessive force, denying injured suspects immediate medical care, and covering up police misconduct. These customs and practices by COLA and Does 4 Through 20 were done with a deliberate indifference to individuals' safety and rights.

29. By reason of the aforementioned policies and practices of Defendants COLA and Does 4 Through 20, Plaintiff suffered severe pain and suffering, mental anguish, humiliation, and emotional distress.

30. Defendants COLA and Does 4 Through 20, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff, and other individuals similarly situated.

31. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants COLA and Does 4 Through 20, acted with an intentional, reckless, and callous disregard for the well-being of Plaintiff and his constitutional as well as human rights.Defendants COLA and Does 4 Through 20, and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

32. Furthermore, the policies, practices, and customs implemented and

maintained and still tolerated by Defendants COLA and Does 4 Through 20, were affirmatively linked to and were a significantly influential force behind the Plaintiffs' injuries.

33. Accordingly, Defendants COLA and Does 4 Through 20, each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

**VII.**

**FOURTH COUNT/CAUSE OF ACTION**

**BATTERY**

**(CAL GOVT. CODE § 820 AND CAL COMMON LAW)**

**(AGAINST DEFENDANTS DOES 1-3 and COLA)**

34. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 33 of this Complaint with the same force and effect as if fully set forth herein.

35. Does 1-3, while working as Police Officers for the COLA Sheriff's Police Department, and acting within the course and scope of their duties, intentionally used unreasonable force against Plaintiff, including but not limited to, slamming Plaintiff into a wall, punching, kicking, stomping on him, and then dragging him. As a result, Plaintiff suffered serious injuries. Does 1-3 had no legal justification for using force against Plaintiff and said Defendants' use of force while carrying out their officer duties was an unreasonable use of force.

36. As a direct and proximate result of Defendants' conduct as alleged above, Plaintiff was caused to suffer severe pain and suffering. Plaintiff suffered a fractured finger, and other injuries though out his body and head as a result of this use of unreasonable force. Plaintiff also suffered humiliation, fear and degradation. Plaintiff is claiming compensation for medical expenses, past and future pain, suffering, and emotional distress.

37. COLA is vicariously liable for the wrongful acts of Does 1-3 pursuant to

section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

38. The conduct of Does 1-3 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling him to an award of exemplary and punitive damages.

**VIII.**

**FIFTH COUNT/CAUSE OF ACTION**

**NEGLIGENCE**

**(CAL. GOVT. CODE § 820 AND CALIFORNIA COMMON LAW )**

**(AGAINST ALL DEFENDANTS)**

39. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 38 of this Complaint with the same force and effect as if fully set forth herein.

40. The actions and inactions of the Defendants were negligent and reckless, including but not limited to:

(a) the negligent tactics and handling of the situation with Plaintiff;

(b) the negligent use of force against Plaintiff;

(c) the failure to provide prompt medical care to Plaintiff;

(d) the failure to properly train and supervise employees, both professional and non-professional, including Does 1-3.

(e) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Plaintiff;

(f) the negligent handling of evidence and witnesses.

41. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff was caused to suffer severe

pain and suffering.

42. COLA is vicariously liable for the wrongful acts of Doe Defendants pursuant to section 815.2 (a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment i`the employee's act would subject him or her to liability.

**IX.**

**SIXTH COUNT/CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(CAL. GOVT. CODE § 820 AND CALIFORNIA COMMON LAW )**

**(AGAINST Defendants DOE DEPUTIES, and COLA)**

43. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 42 of this Complaint with the same force and effect as if fully set forth herein.

44. DOE DEPUTIES while working as Deputy Sheriffs or Jail personnel for the COLA Sheriff's, and acting within the course and scope of their duties, engaged in conduct that was outrageous, including but not limited to:

(a) Using excessive force against Plaintiff, who was not resisting arrest, posed no safety threat, and had not committed any crime;

(b) Failing to summon medical assistance for Plaintiff; and

(c) Ignoring or concealing evidence of the unjustified use of force and taking steps to cover-up the wrongful conduct;

(d) Slamming Plaintiff into a wall, punching, kicking, stomping on him, and then dragging him; and

(e) Causing Plaintiff multiple injuries.

44. DOE DEPUTIES abused a position of authority over Plaintiff, and knew that their conduct would likely result in harm due to mental distress.

45. DOE DEPUTIES intended to cause Plaintiff severe emotional distress, or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress.

46. Plaintiff suffered severe emotional distress, including suffering, anguish, fright, horror, nervousness, grief, worry, shock, humiliation, and shame.

47. The conduct of DOE DEPUTIES was a substantial factor in causing the severe emotional distress of Plaintiff.

48. COLA is vicariously liable for the wrongful acts of DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

49. The conduct of DOE DEPUTIES was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling him to an award of exemplary and punitive damages.

## X.

## SEVENTH COUNT/CAUSE OF ACTION

## VIOLATION OF THE BANE ACT (CAL. CIVIL CODE § 51.7 AND CALIFORNIA COMMON LAW)

## (AGAINST ALL DEFENDANTS)

50. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 49 of this Complaint with the same force and effect as if fully set forth herein.

51. Does 1-3, while working as Sheriff Deputies for the COLA Sheriff's Department, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of Plaintiff to be free from unreasonable searches and seizures, to equal protection of the laws, to access to the courts, and

to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

52. Plaintiff reasonably believed that if he exercised his rights, including his right to freedom of speech under the First Amendment, DOES 1-2 would commit acts involving violence, threats, coercion, or intimidation against him or his property.

53. Does 1-3 injured Plaintiff to prevent him from exercising his rights or retaliate against Plaintiff for having exercised his rights.

54. Plaintiff was caused to suffer severe pain and suffering and has been injured in mind and body. Plaintiff also incurred medical expenses.

55. The conduct of Does 1-3 was a substantial factor in causing the harms, losses, injuries, and damages of Plaintiff.

56. COLA is vicariously liable for the wrongful acts of Does 1-3 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

57. The conduct of Does 1-3 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff entitling him to an award of exemplary and punitive damages.

## XI.

## PRAYER

WHEREFORE, Plaintiff, demands the following relief, jointly and severally, against all the defendants with respect to the First, Second, Third, Fourth, Fifth. Sixth and Seventh Causes of Action:

a) Compensatory general and special damages in an amount in accordance with proof;

b) Exemplary damages, against each of the individual Deputy Sheriffs,

as spelled out in each cause of action, in an amount sufficient to deter and to make an example of those defendants;

c) Reasonable attorneys' fees and expenses of litigation as provided for in 42 U.S.C. §1988;

d) Costs of suit necessarily incurred herein;

f) Prejudgment interest, and

g) Such further relief as the Court deems just or proper.

Dated: April 3, 2011

LAW OFFICES OF HUMBERTO GUIZAR

by:

HUMBERTO GUIZAR
*Attorneys for Plaintiff*
IAN SAUNDERS

## DEMAND FOR JURY TRIAL

Plaintiff DANIEL hereby demands trial by jury in this case.

Dated: April 2, 2011

LAW OFFICES OF HUMBERTO GUIZAR

By: ______________________________

HUMBERTO GUIZAR Esq.,
*Attorneys for Plaintiff*
IAN SAUNDERS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

**CV11- 2944 SVW (JEMx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

Humberto Guizar, Esq. SBN:125769
LAW OFFICES OF HUMBERTO GUIZAR
3500 West Beverly Boulevard
Montebello, CA 90640
Tel: (323) 725-1151
Fax: (323) 725-0350

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IAN SAUNDERS<br>PLAINTIFF(S)<br>v.<br>COUNTY OF LOS ANGELES, DOES 1 THROUGH 10, INCLUSIVE,<br>DEFENDANT(S). | CASE NUMBER<br>CV11 02944 SVW (JEMx)<br><br>**SUMMONS** |

TO: DEFENDANT(S): COUNTY OF LOS ANGELES, DOES 1 THROUGH 10, INCLUSIVE

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ______ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Law Offices of Humberto Guizar, whose address is 3500 West Beverly Blvd., Montebello, CA 90640. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: APR - 7 2011

By: CHRISTOPHER POWERS
Deputy Clerk

*(Seal of the Court)*

OF THE U.S. DISTRICT COURT CENTRAL DIST. OF CALIFORNIA

1181

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*